CHARLES J. SCHUCK, Judge.
Claimant Isaac Hayes was for many years employed as a coal miner in mines located in southern West Virginia, and thus by reason of the very nature of his employment was exposed to the hazards incidental to the work he was called upon to perform. The testimony shows that especially during the last year of his work as such miner he worked on machines, drilled and shot rock and stone, the nature of which employment brought him in contact with large volumes of dust so thick and heavy at times that he could hardly see to continue with his labors. (Record pp. 5-6).
On February 28, 1946, he was obliged to quit his employment and work, apparently suffering from tuberculosis. The coal company physician advised him to consult another physician, without indicating to him the nature of his disease or ailment, and after an examination and further treatment by the second physician, he was advised to apply for admission to the Denmar sanitarium, a state institution, for the treatment of pulmonary afflictions, where no doubt a more detailed examination of his condition could be made, his ailment diagnosed more thoroughly, and treatment given him accordingly.
He entered this institution on April 25, 1946, and remained there as a patient until May of 1947, when he was *204 dismissed, and for the first time during all the period of his illness was informed that he was afflicted with and suffering from silicosis. Shortly after his admittance into the Denmar sanitarium, to be exact April 29, 1946, the first x-ray examination was made of claimant’s lungs and chest, and showed moderately advanced pulmonary tuberculosis with silicosis. However, no information of his condition or the nature of his disease was imparted to the claimant at that time. Subsequently, and during the period of thirteen months that he was a patient in the Denmar institution, more x-rays were made, all tending to confirm the diagnosis of silicosis, but in no instance was the nature of his ailment revealed to him until May, 1947, a short time before his dismissal from the sanitarium.
■ Within a few months, or July 19, 1947, after he had learned the true nature of his trouble he applied to the workmen’s compensation commissioner for relief, silicosis being a compensable .disease, but his application was denied because it had not been made within one year after he was last exposed to the hazards of the disease, he having ceased work, by reason of his ailment, in February, 1946, and not having worked since.
Upon the foregoing facts and the theory that he was not at fault or in any manner remiss in filing his application for relief with the workmen’s compensation commissioner, he applies to this court for an award-commensurate with what he might have received if he had not been barred by the technical provision of the statute governing payments to employes from the compensation fund.
We are of the opinion, from all the facts adduced and presented for our consideration, that had claimant’s ap-lication been presented to the compensation commission within the year from his last exposure to silicon dioxide dust, as required by the statute, assuming of course that the nature and character of his disease had been known in time, that an award would have been made in accordance *205 with the statutes governing and controlling such payments to employes. He was suffering from silicosis, a compen-sable disease; he was exposed by the very nature of his work as a miner to conditions that produce silicosis; for many years before he was obliged to quit work his only employment was that of a miner with the coal companies named in the testimony; he worked in rock and stone dust, especially the last year of his employment, and there is every indication that he is the victim of his employment and work, the very nature of which was at all times highly conducive to his contracting the disease from which he now suffers. We have no doubt of the foregoing conclusions.
There remains then the proposition of whether or not a moral obligation rests on the state to make some restitution to claimant or wether the technical provisions of the statute in question shall be strictly followed and an award refused. Surely an application for relief could not have been made before May, 1947, because claimant, up to that time, hat. no information upon which his claim as a victim of silicosis could be based. Nobody, including all the physicians who had attended him had ever even hinted to him the nature of the disease before May, 1947. They seemingly did not know positively themselves. He had no right to voluntarily assume that he was so afflicted, and upon that assumption base an application for relief; nor could he assume that he would make much progress with his application until such time as he had been definitely informed by the doctors in charge and could have the benefit of theii testimony accordingly. In our opinion a more liberal construction should be given to the statute in question, i. e., a construction which would bar an applicant for compensation only if he did not apply for relief within one year after being informed of the nature and character of his disease and ailment.
Repeating again that in our opinion claimant would have been given compensation had he been in a position *206 to comply with the provisions of the statute involved, we find that he was not at fault in any manner, nor remiss in any duty that devolved on him and that he acted with due diligence in making his application to the compensation commission after being actually informed of the nature of his ailment and having been denied compensation, and that a moral obligation rests on the state to make payment commensurate with that allowed if the application to the compensation commission had been considered on its merits. An award is made to claimant accordingly.
In silicosis cases three classifications prevail as to the amount of compensation paid or to be paid, the second class authorizing a gross sum payment of $1600.00. We are of opinion and so find that claimant is properly placed in the second class of the said division, and make an award in the amount of sixteen hundred dollars ($1600.00) for his benefit, and recommend the same to the Legislature for its consideration and action.